|   |   |
|---|---|
| | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HERBERT R. PEARSE, | CASE NO. C19-5087 RBL |
| Plaintiff, | ORDER DENYING TRO |
| v. | |
| QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, et al., | |
| Defendants. | |

THIS MATTER is before the Court on Plaintiff Pearce's Motion for a Temporary Restraining Order enjoining Defendants from selling his home at a foreclosure sale scheduled for March 1. Pearce has apparently sought the defendants' agreement to delay the sale but they have not so agreed.

Pearce's Motion argues that he will be harmed if the sale proceeds, and that there is no harm to the defendants in delaying the foreclosure. None of his papers address why he is in default, or dispute that he is. Pearce acknowledges that he is required to demonstrate that he is likely to succeed on the merits of his underlying claims in order to obtain a TRO, but he does not explain why is likely to succeed.

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Even assuming that Pearse faces irreparable harm if the sale proceeds, and that the delay would not harm his lenders in the short term, he has not made any showing that he is likely to succeed on the merits of his claims or that the public interest would be served by delaying the sale. His complaint makes broad claims of fraud in the inducement of the loan contract, and claims that some of the debt sought is "outside the limitations period" but he has not demonstrated that he is likely to succeed on either of those conclusory claims. And while the public has no interest in an unlawful foreclosure sale, it has a strong interest in ensuring that lenders can lawfully execute on their security when the borrower is unable or unwilling to pay back the loan.

//

//

//

//

Pearse has not met his burden to obtain a TRO, and his motion to enjoin the pending foreclosure (trustee's) sale is DENIED.

IT IS SO ORDERED.

Dated this 28th day of February, 2019.

_Ronald B. Leighton_
Ronald B. Leighton
United States District Judge