|   |   |
|---|---|
| 1 | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HERBERT R PEARSE,

           Plaintiff,

v.

QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, et al.,

           Defendant.

CASE NO. C19-5087RBL

ORDER GRANTING MOTIONS TO DISMISS

THIS MATTER is before the Court on Defendants' Motions to Dismiss [Dkt. # 27 (MERS, Nationstar, and Bank of NY Mellon) and # 29 (First Horizon)]. The case involves *pro se* Plaintiff Pearse's claims arising from his purchase of a home in Gig Harbor using a loan secured by a deed of trust. Defendants claim he fell into default, and they sought to foreclose. Pearse sued for violations of the FDCPA, Washington CPA, RESPA, RICO, unfair trade practices, violations of the Foreclosure Fairness Act, and the Deed of Trust Act. He seeks to enjoin the foreclosure ( trustee's sale) and quiet title in the property in himself.

The defendants point out that this case is functionally identical to a prior case Pearse brought against them[1] in 2016—*Pearse v. First Horizon Home Loan Corp.*, Cause No. C16-5627BHS. That case was dismissed with prejudice [*See* Dkt. # 20 in that case] and the Ninth Circuit affirmed 742 F. Appx 167, 170 (2018) [Dkt. #s 25 and 26 in the 2016 case]. They argue that the new claims have already been litigated, and Pearse lost. He should not be permitted a second bite at the apple under *res judicata*.

Pearse's Response does not substantively address *res judicata*; he seems to argue that his new claims are "independent" of the claims he asserted (and could have asserted) in the 2016 case, even though it arose out of the same real estate loan, deed of trust, and attempted foreclosure.

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation

---

[1] Pearse sued Commonwealth Title in this case, but not in the earlier one. The other five defendants are the same. Pearse makes no factual allegations about Commonwealth and seeks no relief from it.

to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *id.*).

Under *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The doctrine of *res judicata* bars a party from re-filing a case where three elements are met: (1) identity of claims; (2) final judgment on the merits; and (3) identity or privity between parties. *Frank v. United Airlines, Inc.*, 216 F.3d 845, 850, n. 4 (9th Cir. 2000); *Thompson v. King Co.*, 163 Wash. App. 184 (2011).

Each of Pearse's claims in this case were or could have been litigated in the 2016. They are barred *by res judicata* as a matter of law, and there is nothing he could do to add or change the facts to remedy that fatal flaw. They are also without merit even if they had not been previously adjudicated against him, for the reasons articulated in the prior case, and in the moving defendants' motions.

//

//

//

//

//

The Motions to Dismiss [Dkt. #s 27 and 29] are GRANTED and this case is DISMISSED with prejudice and without leave to amend. This dismissal applies to all defendants, including Commonwealth.

IT IS SO ORDERED.

Dated this 14th day of May, 2019.

Ronald B. Leighton
United States District Judge